IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE PAUL SKINNER, | § | |
| TDCJ No. 599362, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-259-S-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jesse Paul Skinner, a Texas prisoner and frequent *pro se* litigant in

state and federal court, is serving a life sentence for murder.

In 2005, the Dallas Court of Appeals recounted the crime:

> In 1991, appellant was charged with the murder of Lottie Marie
> Kleam. At trial, evidence showed that appellant was Kleam's
> housekeeper and had cleaned her apartment just prior to her death.
> Investigators found no signs of forced entry into Kleam's apartment.
> Appellant's bloody thumbprint, as well as some strands of Kleam's hair,
> were found on a bloodstained brick inside the apartment. After the
> murder, appellant was seen driving a Cadillac similar to Kleam's and
> attempted to sell auto parts from a Cadillac. Kleam's car was found
> abandoned in a parking lot five or six blocks from appellant's mother's
> home. The car's battery, hubcaps, and stereo system were missing when
> it was found. A jury convicted appellant of murder and sentenced him to
> life imprisonment. In 1994, this court affirmed his conviction.

*Skinner v. State*, No. 05-04-00659-CR, 2005 WL 1253365, at *1 (Tex. App. – Dallas

May 27, 2005, pet. ref'd); *see State v. Skinner*, No. F91-01803-IH (Crim. Dist. Ct. No.

1, Dallas Cty., Tex. Sept. 12, 1991), *aff'd*, 05-91-01305-CR (Tex. App. – Dallas Mar.

10, 1994, no pet.).

In 1999, this Court denied Skinner's initial application for a writ of habeas corpus under 28 U.S.C. § 2254 as time barred, and this Court and the United States Court of Appeals for the Fifth Circuit denied him a certificate of appealability. *See Skinner v. Johnson*, No. 3:99-cv-2100-G (N.D. Tex. 1999).

Skinner has now filed a Section 2254 application making three claims that he is actually innocent, *see generally* Dkt. No. 3, claims that were presented to – and, earlier this year, rejected by – the Texas Court of Criminal Appeals (the CCA):

> Applicant was convicted of murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Skinner v. State*, No. 05-91-01305-CR (Tex. App. – Dallas March 10, 1994) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PRO. art. 11.07.
>
> In the instant application, Applicant raises two grounds for relief which are based on newly available evidence arising from post-conviction DNA testing. Additionally, Applicant claims that he received ineffective assistance of trial counsel.
>
> This Court has reviewed Applicant's claims regarding the results of the post-conviction DNA testing, and has determined that they are without merit. Therefore, Applicant's first and second grounds are denied. Applicant's remaining claim is barred from review and is dismissed. TEX. CODE CRIM. PROC. art. 11.07 § 4.

*Ex parte Skinner*, WR-26,955-09 (Tex. Crim. App. Jan. 13, 2021).

The presiding United States district judge has referred Skinner's latest Section 2254 habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because Skinner's petition is unauthorized as successive, and considering the circumstances here, the Court should dismiss the application without prejudice to Skinner's right to seek authorization from the United States Court of Appeals for the

Fifth Circuit to file a successive habeas application.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Skinner has already exercised his "one fair opportunity to seek federal habeas relief from [his Dallas County murder] conviction." *Banister*, 140 S. Ct. at 1702. And his current claims of actual innocence allege defects in that conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Skinner when he filed an initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222; *see, e.g.*, *Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was

or could have been raised in an earlier federal habeas application" – including a claim

of actual innocence – a court "must treat it as a second or successive habeas petition."

(quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn,

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))).[1]

The current habeas petition is therefore successive. And Skinner's failure to

first obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives

this Court of jurisdiction to consider the current habeas application. *See, e.g.*, *Leal

Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from

the federal appellate court in his circuit before he may file a 'second or successive'

petition for relief in federal district court. Without such authorization, the otherwise-

cognizant district court has no jurisdiction to entertain a successive § 2254 petition."

(footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this construed

application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, given

---

[1] *See also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("So even
though Will did not know of the State's alleged *Brady* violation at the time he filed
his first habeas petition, it is still subject to AEDPA's statutory requirements for
filing a successive petition." (citation omitted)); *Leal Garcia*, 573 F.3d at 221
("[P]etitioners filing later habeas petitions [may not] assert that, because the
evidence was not previously discovered or discoverable, the claim was unavailable;
therefore, the later petition is non-successive. … AEDPA forbids such a reading:
Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not
previously discoverable are successive."); *Blackman v. Stephens*, No. 3:13-cv-2073-P-
BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in
her third federal habeas application attack purported defects that existed or claims
that were ripe at the time of the prior applications even though Petitioner claims
that the evidence to support and identify those claims was not previously discovered
or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

the circumstances here, particularly the CCA's summary dismissal of Skinner's state habeas petition, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss Petitioner Jesse Paul Skinner's *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

- 6 -

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2021

 

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE